**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| GRACE RAMPHAL,<br><br>Plaintiff,<br><br>v.<br><br>SHERWIN-WILLIAMS COMPANY,<br><br>Defendant. | Case No. 25-2350-AJP-BGS |

## ORDER ON DISCOVERY MOTIONS

Before the Court are Defendant's Motion to Determine Sufficiency of Plaintiff's Responses to Defendant's First Requests for Admission (Doc. 91) and Plaintiff's Motion to Withdraw Certain Admissions (Doc. 94).[1] For the reasons set forth herein, Defendant's motion (Doc. 91) is **GRANTED** while Plaintiff's motion (Doc. 94) is **DENIED**.

## FACTUAL BACKGROUND

### I. General Background.

Plaintiff Grace Ramphal initiated this lawsuit on June 30, 2025, against her former employer, Defendant Sherwin-Williams Company. (Doc. 1.) Plaintiff is a 61-year-old, East Indian (Asian) American female who contends she is a member of legally protected classes due to her sex, race, and color. Additionally, she contends she has mental and/or physical impairment(s) that affect her daily life activities, such as her ability to work. Plaintiff alleges that her male, Caucasian, co-workers received favorable treatment compared to her. She contends that Defendant knew of the above-referenced

[1] The Court notes that Plaintiff technically did not file a response to Defendant's motion. That stated, Plaintiff's motion was filed after Defendant's motion and addresses many of the same issues with Plaintiff's responses to the Requests for Admission. As such – and to the extent Plaintiff's motion discusses her responses to specific RFAs – the Court will consider Plaintiff's motion to also serve as her response to Defendant's motion rather than consider Defendant's motion uncontested. To the extent, however, that Plaintiff's motion is silent as to particular RFA responses, the Court finds Defendant's arguments to be uncontested, as discussed below. The Court also notes that Defendant responded to Plaintiff's motion (Doc. 95), but Plaintiff did not file a reply.

discrimination but failed to exercise reasonable care to prevent and promptly correct it. Defendant generally denies Plaintiff's allegations.

Plaintiff brings causes of action for employment discrimination, hostile work environment, and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII"), hostile work environment under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq*. ("ADEA"), and discrimination under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA").

## II. Present Motions regarding Discovery Requests and Responses at Issue.

The present motions both relate to Defendant's Requests for Admission, which were served on Plaintiff on April 29, 2026. (Doc. 76.) This was approximately two weeks after Defendant deposed Plaintiff. Defendant contends the RFAs were served "to confirm and obtain information as a follow-up to Plaintiff's testimony." (Doc. 92, at 2.)

Suffice it to say, the issues presented to the Court were increasingly frustrated by Plaintiff's efforts, or lack thereof, to properly respond to Defendant's RFAs. As indicated in Defendant's response to Plaintiff's motion, numerous versions of responses have been presented, but only one has been properly served on Defendant, which further compounds the confusion. (*See* Doc. 95, at 1-2; Doc. 92-1.)

Plaintiff's RFA responses were originally due on May 29, 2026. When responses were not forthcoming, defense counsel contacted Plaintiff's counsel on June 1, 2026, to inquire as to the status of the response. Staff for Plaintiff's counsel indicated that Plaintiff would seek an extension through June 17, 2026, to respond; defense counsel consented to the extension.[2] (*Id.*)

This extended deadline also expired without responses being served by Plaintiff. The responses were, however, served the next day on June 18, 2026. (Doc. 92-1.) This version of the

[2] Pursuant to Fed. R. Civ. P. 29, the time to respond to discovery may be extended by stipulation of the parties.

responses do not deny or object to the Requests, but instead admit the factual assertions while adding what Defendant describes as "extraneous qualifying narratives that do not object to, deny, or purport to admit in part any portion of the Requests." (*Id.*; *see also* Doc. 92, at 2.)

This resulted in defense counsel emailing Plaintiff's counsel a golden rule letter on June 22, 2026, to discuss Defendant's perceived deficiencies with the responses. (Doc. 92, at 2.) The next day, attorneys for the parties conferred regarding the responses. At that time, defense counsel "offered to consider agreeing to modified or amended responses but noted that the Requests had already been deemed admitted as written based on the operation of Rule 36." (*Id.*) According to defense counsel, Plaintiff's counsel offered to revisit the responses the next week, but failed to communicate with defense counsel prior to the July 8, 2026, Pretrial Conference, where the issue was addressed again. (*Id.*, at 2-3.) At the Pretrial Conference, the Court instructed the parties to further confer and set a July 17, 2026 deadline for the parties to file any motions relating to discovery issues. Doc. 88.

The parties conferred on July 14, 2026. Following a lengthy discussion, defense counsel agreed to review and consider proposed amended responses as a possible compromise to resolve the issue. Doc. 92, at 3. Plaintiff did not provide proposed amended responses until late in the morning on July 17, 2026 (Doc. 95-2), by which time defense counsel had started drafting the present motion (Doc. 91). Defendant filed the present motion later that day and Plaintiff's motion to withdraw the admissions (Doc. 94) was filed later that same day.

Defendant argues that Plaintiff's June 18, 2026, RFA responses are insufficient, untimely and should be deemed admitted per Fed. R. Civ. P. 36(a)(3). (Doc. 92, at 1.) Defendant also contends that Plaintiff's amended responses (provided to defense counsel the same day as the parties filed the present motions) do not appear to resolve all the issues Defendant identified.[3] (*Id.*, at 4.)

[3] Because of the Court's deadline to file this motion, Defendant did not have sufficient time to fully evaluate the Proposed Amended Responses and consider the same given the deadline to file the present motion.

It is undisputed that Plaintiff was given more than one extension to respond to the RFAs and failed to timely respond. (*Id.*, at 2.) It is also undisputed that the parties conferred several times regarding the alleged deficiencies in the responses identified by Defendant, including during the July 8, 2026, pretrial conference. (*Id.*, at 2-3.)

Defendant argues that Plaintiff's responses to RFA Nos. 1-10, 13, 18, 21-23, and 25-45 are "noncompliant with Fed. R. Civ. P. 36 because their extraneous narratives largely transform the meaning of the Requests to which they purport to respond." (Doc. 92, at 1.) Defendant continues that it "has attempted to engage with Plaintiff about the sufficiency of the Responses on multiple occasions since they were served a month ago to consider an agreement for Plaintiff to amend responses, to no avail." (*Id.*) Defendant thus seeks an Order that RFA Nos. 1-10, 13, 18, 21-23, and 25-45 are deemed admitted or, in the alternative, that Plaintiff be required to submit amended responses with "extraneous narratives removed." (*Id.*)

Plaintiff's contemporaneous motion to withdraw indicates that "through a miscommunication between counsel and staff, the responses were filed one day after the parties' agreed-upon extension." (Doc. 94, at 1.) Plaintiff further states that, "to the extent certain of her responses to Defendant's Request for Admissions are deemed admitted for being outside the time for denial," she seeks an Order withdrawing admissions to RFA Nos. 1, 2, 3, 9, 18, 22, and 25 "on the basis that such admissions would be inconsistent with the record in this case" and/or that the responses are "inconsistent with the facts adduced to date in the litigation." (*Id.*) She asks that the amended responses she has attached to the motion (Doc. 94-1) be substituted. (*Id.*) Defendant responded in opposition to Plaintiff's motion, but Plaintiff chose not to file a reply.[4] (Doc. 95.)

---

[4] In its response, Defendant notes that the proposed RFA responses attached to Plaintiff's motion are the third set of responses submitted by Plaintiff. Defendant also indicates that although these responses include a certificate of service, they were not served on Defendant prior to the filing of Plaintiff's motion.

## ANALYSIS

### I. Legal Standard Regarding Requests for Admissions.

The Court first sets out the standard governing the sufficiency of Rule 36 responses, then turns to the standard governing withdrawal of admissions under 36(b). Under Fed. R. Civ. P. 36(a)(1), a party may request admissions concerning "facts, the application of law to fact, or opinions about either," as well as the genuineness of any document. Requests for admission serve "two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those than can be." *Bowers v. Mortgage Electronic Reg. Sys.*, No. 10-4141-JTM-DJW, 2012 WL 2798801, at *2 (D. Kan. July 9, 2012) (quoting Fed. R. Civ. P. 36 advisory committee's note (1970 Am.)). The purpose of admissions is "not to discover additional information concerning the subject of the request, but to force the opposing party to formally admit the truth of certain facts, thus allowing the requesting party to avoid potential problems of proof." *Id.* "Essentially, requests for admission 'expedite trials by establishing as true certain material facts of a case without the necessity of formal proof at trial.' " *Keen v. Detroit Diesel Allison*, 569 F.2d 547, 554 (10th Cir. 1978).

There are four different ways in which a party may respond to requests for admissions: admit the request in part or full, deny the request in part or full, object under Rule 36(a)(5), or explain why the party cannot admit or deny the request. "If an answer is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4). A denial must "fairly respond to the substance of the matter and, when good faith requires that a party qualify an answer or deny only part of a matter, the answer must specify the part admitted and qualify or deny the rest." *Id.* "When making an objection, the party must state the specific grounds for objecting. If the party objects, it bears the burden of persuasion to justify its objection."

*Richard v. Sedg. Co. Bd. of Comm'rs*, No. 09-1278-MLB-KHV, 2013 WL 3467103, at *1 (D. Kan. 2013). *See also* Fed. R. Civ. P. 36(a)(5).

"Generally, with respect to requests [for admission], '[t]he facts should be stated singly, so that the party called upon to make answers need not write an essay in reply.' " *Audiotext Commun. Network, Inc. v. U.S. Telecom, Inc.*, No. 94-2395-GTV, 1995 WL 625744, *3 (D. Kan. Oct. 5, 1995) (citation omitted); *see also* 4A James Wm. Moore, Moore's Federal Practice ¶ 36.05[2] at 51 (1987). "Each request for admission should be phrased simply and directly, so that it can be admitted or denied without explanation." *Downs v. Brasted*, No. 92-1611-MLB, 1993 WL 273370, at *1 (D. Kan. June 28, 1993). This simplicity requirement does not, however, foreclose the responding party from providing necessary context meaning "the responding party should answer the request as far as possible with appropriate qualification or explanation … ." *Daniels v. United Parcel Serv., Inc.*, No. 09-2304-JAR-KGS, 2010 WL 11685401, at *14 (D. Kan. Sept. 8, 2010).

If a party believes a response is insufficient, it can file a motion seeking determination of the sufficiency of an answer or objection. *Richard*, 2013 WL 3467103, at *2. *See also* Rule 36(a)(6). "The determination of sufficiency ultimately rests within the court's discretion." *Richard*, 2013 WL 3467103, at *2. The Court notes that Plaintiff did not object to the requests. Thus, the Court must evaluate "the sufficiency of an answer … consider[ing] the phrasing of the request itself." *Id.* (citing *Solis v. La Familia Corp.*, No. 10-2400-EFM-GLR, 2012 WL 1906508, at *2 (D. Kan. May 25, 2012) and *Deya v. Hiawatha Hosp. Ass'n, Inc.*, No. 102263-JAR-GLR, 2011 WL 1559422, *2 (D. Kan. April 25, 2011). "If the court finds an answer to be insufficient, the matter is either deemed admitted or the court may order that an amended answer be served." *Id.* (citing Fed. R. Civ. P. 36(a)(6)). An award of expenses may be ordered pursuant to Fed. Rule 37(a)(5).

If a party fails to respond to a request for admission within 30 days after service, the request is deemed admitted. See Fed. R. Civ. P. 36(a)(3). "A matter admitted under this rule is conclusively

established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b).[5] "Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." *Id.*

This provision from Federal Rule 36 "has been used where a party fails to respond at all to requests for admission, they are therefore deemed admitted, and then the party seeks to respond out of time." *Bowen v. CMG Mortg., Inc.*, No. 25-1043-HLT-GEB, 2026 WL 1011101, at *3 (D. Kan. April 15, 2026) (citing *Western Inv., Inc. v. Cont'l W. Ins. Co.*, 2022 WL 4447427, at *3 (D. Kan. 2022) ("Judges in this District have applied Rule 36(b) to determine whether a party who failed to timely respond to requests for admission may be granted leave to withdraw the admission to substantively respond out of time."). It is within the court's discretion whether to allow amendment of admissions. *Raiser v. Utah Cnty.*, 409 F.3d 1243, 1245-46 (10th Cir. 2005).

In applying Rule 36(b) to a party's request to withdraw or amend an admission, courts in the District of Kansas apply a two-part test. First, it is Plaintiff's burden, as the party moving to withdraw the admissions pursuant to Fed. R. Civ. P. 36, to demonstrate that the merits of this action will be subserved or facilitated by ordering the withdrawal of the admissions. *Team Log., Inc.*, 2005 WL 1140774, at *2 (citing *Ropfogel v. United States*, 138 F.R.D. 579, 582 (D. Kan.1991)). Then, Defendant, as "[t]he party who obtained the admission[,] bears the burden of demonstrating to the court that withdrawal of the admissions will prejudice him in maintaining the action on the merits." *Id.* (citation omitted).

While the Court is to consider both prongs, the Court is not required to allow withdrawal even if the merits and prejudice issues weigh in favor of the party seeking withdrawal of the admission(s).

---

[5] A motion for leave to respond to RFAs out of time is considered the equivalent of a motion to withdraw admissions made pursuant to Fed.R.Civ.P. 36(a). *Team Log., Inc. v. Orderpro Log., Inc.*, No. 04-2061-JWL-DJW, 2005 WL 1140774, at *2 (D. Kan. May 10, 2005). Thus the standard applied by the Court is the same for either relief requested. *Id.*

*Ropfogel*, 138 F.R.D. at 582 (citations omitted). In making this determination, the Court must focus "on the effect upon the litigation and prejudice to the resisting party rather than on the moving party's excuses for an erroneous admission." *Id.* (citing *In re Durability Inc.*, 212 F.3d 551, 556 (10th Cir.2000)). The advisory committee notes to the 1970 amendments to Rule 36 establish that the withdrawal or amendment of an admission "emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice." Fed. R. Civ. P. 36 advisory committee's note to 1970 amendments.

In considering whether the merits of the case will be facilitated by withdrawing an admission, the Court may look at whether the admission is consistent with (or contrary to) the record of the case. *Ropfogel*, 138 F.R.D. at 583. The Court will also analyze whether upholding the admission would practically eliminate any presentation of the merits. *Id.*

"The prejudice contemplated by Rule 36(b) is not that the party who obtained the admission will have to convince the jury of the truth of the matter." *Team Log., Inc.*, 2005 WL 1140774, at *3 (citation omitted). Rather, "[t]he prejudice contemplated by the rule 'relates to the difficulty a party may face in proving its case' because of the sudden need to obtain evidence required to prove the matter that had been admitted." *Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309, 1314 (8th Cir.1983) (citing *Brook Village N. Assocs. v. Gen. Elec. Co.*, 686 F.2d 66, 70 (1st Cir.1982)). The test of whether a party will be prejudiced by the withdrawal of an admission is whether that party is now any less able to obtain the evidence required to prove the matter which was admitted than he would have been at the time the admission was made." *Team Log., Inc.*, 2005 WL 1140774, at *3 (citation omitted).

## II. Application of Legal Standard to Parties' Positions.

### A. Defendant's Motion to Determine Sufficiency of Discovery Responses (Doc. 91).

As stated above, Defendant's motion seeks to have Plaintiff's untimely responses deemed admitted per Fed. R. Civ. P. 36(a)(3).[6] (Doc. 92, at 1.) The Court notes, however, that each of Plaintiff's responses at issue already says "admitted." (Doc. 92-1.) That stated, Defendant asks the Court to determine that Plaintiff's responses to RFA Nos. 1-10, 13, 18, 21-23, and 25-45[7] are noncompliant with the rule due to the extraneous narratives following the admissions. (*Id.*)

As an initial matter, and as discussed in n.1, *supra*, the Court construes Plaintiff's Motion to Withdraw Certain Admissions (Doc. 94) to also serve as a response to Defendant's Motion (Doc. 92). That stated, Plaintiff's motion seeks only the withdrawal of admissions to RFA Nos. 1, 2, 3, 9, 18, 22, and 25 arguing that the admissions are inconsistent with the record. (Doc. 94, at 1.) Plaintiff has failed to – or chosen not to – discuss Defendant's concerns as to Plaintiff's responses to RFA Nos. 4 – 8, 10, 13, 21, 23, and 26-45, including the "extraneous narratives" added by Plaintiff and Defendant's request that the narratives be stricken. Because Plaintiff's motion is silent as to these RFA responses, the Court finds Defendant's arguments to be **uncontested**. *C.f. Fordyce v. City of Kansas City, Kansas*, No. 95-2285-GTV, 2996 WL 159631, at *1 (D. Kan. April 4, 1996) (granting as uncontested a motion to compel discovery to which no response was filed and holding that the non-responding party had waived all objections to discovery that she may have otherwise had); *Wesley v. MP Next Level, LLC*, 2007 WL 1599683, at *1 (D. Kan. June 4, 2007) (granting as uncontested a motion to compel discovery to which no response was filed). *See also* D. Kan. Rule. 7.1(c) (stating that "[a] party opposing a motion

[6] Defendant also argues that Plaintiff's motion should be denied for failing to confer pursuant to D. Kan. Rule 37.2. (Doc. 95, at 2-3.) The Court declines to decide this substantive discovery motion on a technicality, particularly when Plaintiff's responses were negligibly late. Further, the idea for this motion to withdraw the admissions arose during the Court's discussion with the parties during the Pretrial Conference. The motion was timely filed by Plaintiff thereafter.

[7] As noted by Defendant, each version of responses served by Plaintiff includes a misnumbering of the RFAs, going from No. 11 to No. 13, skipping No. 12. While 44 Requests for Admission were served, there are 45 Responses because of this misnumbering. For the sake of consistency, Defendant applied Plaintiff's numbering and the Court will do the same.

must file a response" and "[i]f a response is not filed by the applicable deadline, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.").

While qualifying language in RFA responses may be acceptable in certain circumstances, this District has ordered a responding party to remove qualifying language that the Court found to be improper and/or found to change the substance of the underlying request. *See e.g. Daniels*, 2010 WL 11685401, at *15-17; *Doebele v. Sprint Corp.*, No. 00-2053-KHV-DJW, 2001 WL 1718259, at *3 (D. Kan. June 5, 2001) (requiring removal of extraneous qualifying language when RFAs are "statements of fact are couched in unequivocal terms, which appear to facilitate unequivocal admissions or denials.").

The Court thus **GRANTS** the portion of Defendant's motion relating to Plaintiff's responses to RFA Nos. 4 – 8, 10, 13, 21, 23, and 26-45 as uncontested. The Court orders that Plaintiff's responses are deemed to be admitted by the operation of this Order. The admissions stand as unqualified admissions with the extraneous text (all language after the word "admitted") stricken, with no further filing required. The Court will address Defendant's arguments as to the remaining RFAs in the context of Plaintiff's motion to withdraw, below.

**B. Plaintiff's Motion to Withdraw Certain Admissions (Doc. 94).**

Next, the Court addresses Plaintiff's request to withdraw the admissions to RFA Nos. 1, 2, 3, 9, 18, 22, and 25 and amend or substitute the responses.[8] (Doc. 94, at 1.) In bringing the motion to withdraw, Plaintiff failed to discuss the relevant legal standard, provide any legal authority, and is sparse, at best, as to legal argument. Instead, Plaintiff spends six pages of her seven-page motion

[8] Plaintiff's motion "respectfully requests that said withdrawn admissions be replaced by Plaintiff's Amended Responses to Defendant's First Requests for Admissions (see below)" (*id.*, at 1), in reference to the newly framed responses contained in the subsequent pages of her motion (*id.*, at 2-7).

reciting Defendant's RFAs and advancing what she believes should be her substituted responses. (*See* Doc. 94, at 2-7.)

In terms of what could be considered argument or analysis, Plaintiff merely states that the requests at issue (RFA Nos. 1, 2, 3, 9, 18, 22, and 25) "seek admissions that are inconsistent with the facts adduced to date in the litigation" and that "Defendant has requested some very broad admissions regarding the absence of race discrimination when the record makes clear several incidents that evidence the existence of race discrimination within the company, including statements by Defendant's HR employee, Brook Katebe." (Doc. 94, at 1-2.)

**1. Confusion resulting from Plaintiff's multiple sets of RFA responses.**

At the onset, it is necessary to address Defendant's complaint that Plaintiff has now provided three different sets of responses to the RFAs (*see* Doc. 95, at 1-2): 1) the set attached to Defendant's motion, which is the only set of RFA responses that were properly served on Defendant (Doc. 92-1); 2) the set attached to Plaintiff's motion (Doc. 94-1);[9] and 3) the larger portion of motion itself (Doc. 94, at 2-7), which consists of proposed amended RFA responses rather than containing legal authority and analysis.

The Court agrees with Defendant that Plaintiff's approach has created uncertainty over which version of the responses is properly before the Court for consideration. For purposes of clarity, the Court's analysis of whether to permit *withdrawal* of Plaintiff's admissions will focus on Doc. 92-1, the only set of responses that was technically served on Defendants prior to the present briefing. The Court's analysis of Plaintiff's request to *substitute* responses will then consider the proposed responses contained in the body of her motion. (Doc. 94, at 2-7.) Suffice it to say, Plaintiff's lackadaisical

---

[9] Defendant points out that although this set of responses includes a certificate of service dated July 17, 2026 (94-1, at 13), this set of responses was not served on Defendant prior to the filing of Plaintiff's motion.

approach to responding to these discovery requests and briefing these issues has needlessly complicated this entire process.

**2. Request to withdraw and substitute.**

As stated above, courts in the District of Kansas apply a two-part test when deciding whether to allow an admission to be withdrawn. The party moving to withdraw the admissions pursuant to Fed. R. Civ. P. 36 must demonstrate that the merits of this action will be subserved or facilitated by ordering the withdrawal of the admissions while "[t]he party who obtained the admission[,] bears the burden of demonstrating to the court that withdrawal of the admissions will prejudice him in maintaining the action on the merits." *Team Log., Inc.*, 2005 WL 1140774, at *2 (citation omitted).

When determining whether the merits of the action will be facilitated by allowing withdraw, a court must consider the following factors: "(1) whether the admission is contrary to the record in the case; (2) whether an admission is no longer true because of changed circumstances; (3) whether, through an honest error, a party has made an improvident admission; and (4) whether the effect of upholding the admission would be practically to eliminate any presentation of the merits." *U.S. v. ex rel. Thomas v. Black & Veatch Spec. Proj. Corp.*, No. 11-2475-DDC-JPO, 2014 WL 2095168, at *5 (D. Kan. May 20, 2014).

The Court will thus analyze the seven RFAs addressed in Plaintiff's motion (Nos. 1, 2, 3, 9, 18, 22, and 25) within this framework. Each will be addressed in turn.

**a. Request No. 1.**

This RFA asks for Plaintiff to admit or deny that "[p]rior to learning your employment was being terminated, you never communicated with HR to suggest you believed you were being discriminated against or treated differently because of your age, race, sex, or alleged disability." (Doc. 92-1, at 1.) Plaintiff's initial response was to admit that she "did not directly communicate an accusation of discrimination to HR, however, HR was aware of her protected class status, including

her age, race, sex, and disability." (*Id.*) Plaintiff then adds additional language regarding communications she had with Defendant's HR Department. (*Id.*, at 1-2.)

While Plaintiff infers such communications made HR "aware of her direct communication with management concerning discrimination practiced against her," this Court finds this to be misleading at best. As an example, Plaintiff mentions a communication with HR Manager Andrea Garcia in which Plaintiff "request[ed] expedited approval of her disability accommodation." (*Id*, at 2.) There is nothing about Plaintiff's description of this communication that even hints at discrimination.

Plaintiff next references a communication she had with HR regarding the Letter of Expectation she received. Plaintiff contends that she "subsequently contacted HR to dispute the LOE and to raise concerns about being treated differently than her Caucasian counterparts." (Doc. 92-1, at 2-3.) In reality, the record does not reflect that she complained to HR that the Letter of Expectation was pretextual or tied to discriminatory motives. To the contrary, Plaintiff testified that during her October 5, 2023 meeting with Human Resources regarding the LOE, she was told she was "not in trouble" and the letter was not disciplinary. (Doc. 95-3, at 134:20-136:5; 138:23-139:9; 140:22-141:20.) She also indicated that there were no other "highlights" of this conversation; she makes no mention of discrimination or pretext. (*Id.*)

Finally, Plaintiff mentions a communication with District Manager Oliver Grigsby in which she told him that Brook Katabe had said Plaintiff would be treated more harshly because she was not white. (Doc. 92-1, at 3.) Although Plaintiff alleges that she reminded Grigsby of this statement at the time of her termination "and a member of HR was present," the request specifically asks for communications with HR that occurred "prior" to her termination. (*Id.*, at 2-3.) Even assuming the original conversation happened prior to her termination, Grigsby is not a member of HR. Further, even assuming Plaintiff did "remind" Grigsby of this conversation in front of a member of HR at the

time of her termination, this did not occur prior to Plaintiff learning she would be terminated. Thus, this information is entirely nonresponsive and extraneous to RFA No. 1.

In her motion to withdraw, however, Plaintiff sets forth her proposed amended response, which contains relatively the same extraneous factual information. Therein, Plaintiff admits that she "never communicated with a Sherwin Williams employee to suggest that she believed she had been harassed at work on the basis of age or sex," but she denies that she failed to

> directly communicate an accusation of <u>race or disability discrimination</u> to HR because the record reflects that subsequent to Brook Katebe's comment to Plaintiff that she would be treated more harshly with complaints because she was not white: (a) Plaintiff complained to HR that the unfounded Letter of Expectation was pretextual and designed to conceal discriminatory motives; (b) As admitted in Defendant's Answer, Plaintiff communicated to District Manager Oliver Grigsby the warning she had been given by Brook Katebe about race discrimination at Sherwin-Williams and that she believed that she was being treated differently than her Caucasian counterparts; and (c) Plaintiff communicated with HR Manager Adrea Gracia concerning the failure to have her disability accommodation approved in a timely manner.

(Doc. 94, at 2 (emphasis added).)

In response to Plaintiff's motion, Defendant argues that the qualifying language contained in this proposed response is extraneous, inaccurate, and/or not supported by the record. (*See* Doc. 95, at 5.) The Court agrees. Again, Plaintiff's references to communication with District Manager Oliver Grigsby are nonresponsive to the RFA because it asks whether "you never communicated with HR" and he is not a member of Defendant's HR team.[10] <u>*(Id.)*</u> Thus, information relating to him is entirely extraneous to Defendant's RFA and allowing this withdraw/substitution would not facilitate the merits of Plaintiff's claim(s) for discrimination. *Team Log., Inc.*, 2005 WL 1140774, at *2 (citation omitted).

---

[10] Plaintiff's reference to a member of HR being present when she allegedly "reminded" Grigsby of this conversation has been removed in the newly proposed response. (*See* Doc. 94, at 2.)

Plaintiff's statement that "subsequent to Katebe's alleged comment that Plaintiff would be treated more harshly because she was not white, the events in subparts (a), (b), and (c) of the response occurred" is also unsupported by the record. Plaintiff has failed to cite evidence or testimony (beyond her own conclusory statement) that would support this timing of events. As such, the merits of the case will not be facilitated by allowing Plaintiff to substitute her prior admission to RFA No. 1 with the language proposed in her motion. *Ropfogel*, 138 F.R.D. at 583.

Next, the description of Plaintiff's discussion with HR about the Letter of Expectation is clearly unsupported by the record because it is contrary to Plaintiff's deposition testimony, as discussed *supra*. Plaintiff begrudgingly – albeit clearly – testified she had not complained to anyone in HR about discrimination prior to her termination. (Doc. 95-3, at 188:25-190:20.) There is simply nothing in the record to support that Plaintiff complained to HR that the Letter of Expectation was "unfounded/pretextual and tied to discriminatory motives." To the contrary, Plaintiff testified that in her meeting with HR about the Letter of Expectation, she was told she was not in trouble and "this was not a disciplinary matter." (*Id.*, at 134:20-136:5; 140:22-141:20.) There is no evidentiary basis to allow a withdrawal and substitution that includes this language. *Ropfogel*, 138 F.R.D. at 583.

Finally, Plaintiff's contention as to her communication with HR Manager Adrea Gracia regarding the timeliness of her accommodation request is simply not a complaint to HR about discrimination or harassment, which is the subject of this RFA. (*See* Doc. 94, at 7.) Allowing such a withdraw/substitution regarding RFP No. 1 would not facilitate the merits of Plaintiff's claim(s) for discrimination. *Team Log., Inc.*, 2005 WL 1140774, at *2 (citation omitted). As such, the Court **DENIES** Plaintiff's request to withdraw her prior response and substitute her newly proposed response to RFA No.1.

Because the Court has denied Plaintiff's request to withdraw/substitute her response to RFA No. 1, the analysis thus turns to Defendant's request to determine the sufficiency of Plaintiff's (original

and operative) response. The request specifically asks Plaintiff for an admission or denial that "[p]rior to learning your employment was being terminated, you never communicated with HR to suggest you believed you were being discriminated against or treated differently because of your age, race, sex, or alleged disability." (Doc. 92-1, at 1.) While Plaintiff admitted that she "did not directly communicate the accusation of discrimination to HR," she contends that "HR was aware of her protected class status, including her age, race, sex, and disability, and HR was aware of her direct communication with management concerning discrimination practiced against her." (*Id.*) Plaintiff then proceeds to provide "examples" of this alleged awareness. (*Id.*)

The narrative Plaintiff has included subverts the purpose of RFAs, which is "not to discover additional information concerning the subject of the request, but to force the opposing party to formally admit the truth of certain facts, thus allowing the requesting party to avoid potential problems of proof." *Bowers*, 2012 WL 2798801, at *2 (D. Kan. July 9, 2012) (citation omitted). The included narrative "do[es] not fairly meet the substance of the requested admissions." *Harris v. Oil Reclaiming Co., Ltd.*, 190 F. R. D. 674, 677 (D. Kan. 1999). Defendants RFA No. 1, as worded, sets forth a statement of fact that is "couched in unequivocal terms, which appear to facilitate unequivocal admissions or denials." *Doebele*, 2001 WL 1718259, at *3. Further, as discussed in the context of Plaintiff's motion, *supra*, Plaintiff has failed to establish that the admission is contrary to the record in the case and there is no indication the admission was made in error or that the admission is no longer true because of a change in circumstances. *Thomas*, 2014 WL 2095168, at *5.

Therefore, the Court **GRANTS** Defendant's motion as to the sufficiency of RFP No. 1 and orders that all language in Plaintiff's response thereto after the word "admitted" is deemed to be stricken as extraneous and nonresponsive by operation of this Order.

**b. Requests Nos. 2 and 3.**

Request No. 2 states "[y]ou never communicated with any Sherwin-Williams employees to

suggest you believed you had been harassed at work." (Doc. 92-1, at 3.) Request No. 3 states that "[p]rior to learning your employment was being terminated you never communicated with any Sherwin-Williams employees to suggest you believed you had been harassed at work." (*Id.*)

In response to both, Plaintiff initially admitted that she "did not directly communicate to a Sherwin Williams employee that she had been 'harassed' at work," but qualifies that she had "made known" to Defendant's management "that she was being subjected to discrimination on the basis of race." (*Id.*, at 3, 4.; *see also* ) Plaintiff then included further unrelated narrative regarding District Manager Oliver Grigsby and/or HR representative Brook Katebe. (*Id.*)

In the proposed amended responses Plaintiff admits that prior to the termination of her employment, she "never communicated with a[n] …employee [of Defendant] to suggest that she believed she had been harassed at work on the basis of age or sex." (Doc. 94, at 2, 3.) She does, however, contend that she made known her belief that "she had been harassed at work on the basis of race or disability." (*Id.*)

Plaintiff's proposed substituted responses to RFA Nos. 2 and 3 include the same extraneous language regarding the Letter of Expectation, her alleged communication with District Manager Grigsby, and her alleged communications with HR Manager Gracia as discussed regarding RFA No. 1, *supra*. (*See id.*) Even if these factual assertions are assumed to accurately reflect the record (which they do not as Plaintiff failed to cite to the record in support thereof), Plaintiff's extraneous language relates to alleged discrimination, not harassment – and *harassment* is the subject of these two RFAs.[11] This information is both nonresponsive and extraneous to the requests.

[11] Even if harassment and discrimination claims are based on the same set of facts, they are distinct causes of action. *See Bragg v. Office of the Dist. Atty.*, 704 F. Supp. 2d 1032, 1063 (D. Colo. 2009). *See also Russell v. Driscoll*, 157 F. 4th 1348, 1351 (10th Cir. 2025) (discussing the distinction between the "two major types of discrimination a plaintiff can allege" under Title VII – "discrete discriminatory acts and hostile work environment claims.").

Specifically as to RFA No. 2, Plaintiff also seeks to include that she "reminded management during her termination meeting that Brook Katebe had told her that she would be treated differently because of her race." (Doc. 94, at 3.) Defendant argues that "[c]haracterizing Plaintiff's spur-of-the-moment accusation of disparate treatment – made immediately after she learned her employment had been terminated – as a 'reminder' to 'management' is misleading. Having never previously made such a statement, Plaintiff's comment was not a 'reminder.' " (Doc. 95, at 8.) The Court agrees. Plaintiff's proposed language is extraneous, misleading, and unsupported by citation to the record. *See Ropfogel*, 138 F.R.D. at 583 (holding that a court may look at whether the admission is consistent with the record of the case in determining whether the merits of the case will be facilitated by withdrawing an admission). The Court **DENIES** Plaintiff's request withdraw/substitute her response to include this language as to RFA No. 2.

For the reasons discussed within this section of the Court's Order, Plaintiff has failed to demonstrate that the merits of this action will be subserved or facilitated by ordering the withdrawal of the admissions to RFA Nos. 2 and 3. *Team Log., Inc.*, 2005 WL 1140774, at *2 (citation omitted). The Court thus **DENIES** Plaintiff's request to withdraw/substitute her responses to RFAs 2 and 3 for the same reasons discussed as to RFA No. 1, above.

Because the Court has denied Plaintiff's request to withdraw/substitute her response to RFA Nos. 2 and 3, the analysis thus turns to Defendant's request to determine the sufficiency of Plaintiff's (original and operative) response. Plaintiff initial responses admitted both requests. (*Id.*, at 3-4.) She then attempts to qualifies her answer by stating that while she "did not directly communicate to a Sherwin Williams employee that she had been 'harassed' at work," she "had made known to Sherwin-Williams management that she was being subjected to discrimination on the basis of race," while supplying further narrative ostensibly supporting this assertion. (*Id.*)

Simply stated, Defendant's RFA Nos. 2 and 3, as worded, facilitate an unequivocal admission or denial and "[t]he qualifying verbiage included within [Plaintiff's response] fails to meet the substance of the requested admission[.]" *Doebele*, 2001 WL 1718259, at *3. The requests ask whether Plaintiff informed Defendant of a belief that she had been harassed, not subjected to alleged racial discrimination. (Doc. 92-1, at 3.) Accordingly, the qualifying language is extraneous and irrelevant to the requests. Defendant's motion to determine sufficiency of Plaintiff's responses to Requests Nos. 2 and 3 is **GRANTED**. The Court orders that all language in Plaintiff's responses to Requests Nos. 2 and 3 after the word "admitted" is deemed to be stricken as extraneous and nonresponsive by operation of this Order.

**c. Request No. 9.**

This RFA seeks an admission that Plaintiff is "not aware of Brooke Katebe making discriminatory comments relating to any individual's race (including yours)." (Doc. 92-1, at 6.) Plaintiff initially responded by admitting that she "is unaware of Brooke Katebe making racist comments about a Sherwin Williams employee[.]" (*Id.*, at 5.) Thereafter, Plaintiff included qualifying language regarding comments made by Katebe that are arguably *about* race or race-related matters, including that Katebe allegedly told Plaintiff she "would be dealt with more harshly by certain supervisors because she was not white." (*Id.*) Plaintiff asserts that Katebe "*appeared* to be stating a fact that she had learned through experience at Sherwin Williams." (*Id.* (emphasis added).)

Plaintiff's proposed response states that she admits she "is unaware of Brooke Katebe making discriminatory comments relating to any individual's race," but then qualifies her response by stating that "in order to be consistent with the record, this admission needs to be qualified with the fact that Brooke Katebe had acknowledged race discrimination by others at Sherwin-Williams … [.]" (Doc. 94, at 4.) Plaintiff has failed to establish how the merits of her claim(s) of discrimination would be facilitated by allowing her original response to RFA No. 9 to be withdrawn and substituted by an

unsolicited assertion as to what Brook Katebe may or may not have "acknowledged." *See Team Log., Inc.*, 2005 WL 1140774, at *2 (citation omitted). The Court thus **DENIES** Plaintiff's request to withdraw/substitute her responses to RFA No. 9.

Because the Court has denied Plaintiff's request to withdraw/substitute her response to RFA No. 9, the analysis thus turns to Defendant's request to determine the sufficiency of Plaintiff's (original and operative) response. As discussed herein, Request No. 9 seeks Plaintiff's admission or denial of her awareness that Brooke Katebe made "discriminatory comments relating to any individual's race (including yours)." (Doc. 92-1, at 6.) Rather than simply admitting or denying the request, Plaintiff qualified her answer by stating her personal belief that she was treated differently than white co-workers and summarizing conversations she allegedly had with Katabe about other employees and Katabe's supposed experience working for Defendant. (*Id.*)

The Court finds these comments to be entirely extraneous and unrelated to the substance of the requested admission. The request, as worded, facilitates an unequivocal admission or denial – Plaintiff is either aware that Ms. Katebe had made racially discriminatory comments or she is not, making Plaintiff's response insufficient. *Doebele*, 2001 WL 1718259, at *3. Defendant's motion is **GRANTED** as to RFA No. 9 and all language in Plaintiff's response after the word "admitted" is stricken as extraneous and nonresponsive by operation of this Order.

**d. Request No. 18.**

Request No. 18 states "[y]ou are not aware of Jason Burke making discriminatory comments relating to any individual's race (including yours)." (Doc. 92-1, at 8.) Plaintiff initially responded that it is

> [a]dmitted that [she] is not aware of Jason Burke making racist comments about any specific person, however, Plaintiff is aware of comments by Jason Burke that she reasonably understood to reflect the presence of racial bias at Sherwin Williams. On September 1, 2023, Jason Burke stated: 'This will be my third lackluster recruiting year in a row if we don't have a strong finish. 2018 and 2019 results were

> strong with our prior recruiter, a former training store manager who understood our culture and goals.' Plaintiff reasonably understood the reference to three 'lackluster' recruiting years and a prior recruiter who 'understood our culture' as an indication of racial bias.

(*Id.*)

In her motion, Plaintiff asks that this response be withdrawn and substituted for an admission that she is "unaware of Jason Burke making discriminatory comments relating to any individual's race, however, in order to be consistent with the record, this admission should be qualified by the fact that Plaintiff is aware of racially discriminatory conduct by Jason Burke praising a former Caucasian store training manager 'who understood our culture and goals' and excluding Plaintiff from photographs of summer interns in the late summer 2023." (Doc. 94, at 4.)

Plaintiff has failed to establish how the merits of her claim(s) of discrimination would be facilitated by allowing her original response to RFA No. 18 to be withdrawn and substituted. *See Team Log., Inc.*, 2005 WL 1140774, at *2 (citation omitted). There is no indication by Plaintiff that her original admission to this request is contrary to the record in the case, that there has been an error, or that the admission is no longer true because of a change in circumstances. *Thomas*, 2014 WL 2095168, at *5. Her proposed response to RFA No. 18 admits that she is unaware of Jason Burke making racially discriminatory comments (which is the substance of the RFA) but then inserts her own unsolicited and unrelated interpretation as to his motivation for allegedly praising a Caucasian former employee and excluding Plaintiff from a photograph. The Court thus **DENIES** Plaintiff's request to withdraw/substitute her responses to RFA No. 18.

Given the Court's denial of Plaintiff's request to withdraw/substitute her response to RFA No. 18, the Court will now address Defendant's request (Doc. 92) to determine the sufficiency of Plaintiff's (original and operative) response. As with Request No. 9, *supra*, the Court finds Plaintiff's comments to be extraneous and unrelated to the substance of the requested admission. The request, as worded, facilitates an unequivocal admission or denial – Plaintiff is either aware of such comments

or she is not. *Doebele*, 2001 WL 1718259, at *3. She has admitted she is aware of no such comments and this is a sufficient – and the appropriate – response. Defendant's motion is **GRANTED** as to RFP No. 18 and all language in Plaintiff's response after the word "admitted" is stricken as extraneous and nonresponsive by operation of this Order.

**e. Request No. 22.**

Request No. 22 asks Plaintiff to admit that "[y]ou are not aware of any of Defendant's employees making discriminatory comments relating to any individual's race (including yours)." (Doc. 94-1, at 9.) Plaintiffs' initial response stated that she "[a]dmitted that [she] is not aware of any of Defendant's employees making discriminatory comments based upon someone's race, however, see previous responses to Requests 4, 9, and 18." (*Id.*) Her proposed new response is substantively and contextually consistent with this, but instead incorporates her responses to RFAs Nos. 1, 2, 3, 9, and 18. (Doc. 94, at 4-5.)

As discussed in the preceding sections of this Order, the Court has already determined that Plaintiff has failed to establish how the merits of her claims would be facilitated by allowing her original responses to RFA Nos. 1, 2, 3, 9, and 18 to be withdrawn and substituted. *See Team Log., Inc.*, 2005 WL 1140774, at *2 (citation omitted). The Court thus **DENIES** Plaintiff's motion (Doc. 94) to withdraw/substitute as to Request No. 22 as she is attempting to rely on the proposed responses to these cross-referenced requests the Court has previously denied.

Having denied Plaintiff's request to withdraw/substitute her original response, the Court now addresses Defendant's request to determine the sufficiency of Plaintiff's response. (Doc. 92.) As stated above, Plaintiff admits she is unaware of any racially discriminatory comments by Defendant's employees but again attempts to incorporate her responses to RFAs 4, 9, and 18.

Request No. 22, as worded, facilitates an unequivocal admission or denial – Plaintiff is either aware of such comments or she is not. *Doebele*, 2001 WL 1718259, at *3. Plaintiff's response is not a

good faith qualification of the admission and, given the extraneous information, is found to be insufficient. Defendant's motion (Doc. 92) is thus **GRANTED** as to RFA No. 22 and all language in Plaintiff's response after the word "admitted" is stricken as extraneous and nonresponsive by operation of this Order.

#### f. Request No. 25.

Finally, RFA 25 asks Plaintiff to admit or deny that "[n]one of the speakers who can be heard on any of the recordings that have been produced … make comments indicating a personal discriminatory bias on behalf of the speaker." (Doc. 92-1, at 10.) In the initial response, Plaintiff "[a]dmitted that comments indicating a 'personal discriminatory bias' are not present," but continued that "comments reflecting a discriminatory bias of others can be heard." (*Id.*) Plaintiff then included a lengthy narrative asserting, for instance, that Brooke Katebe "understood" the allegedly racist meaning behind comments made by others. (*Id.*) Plaintiff also stated that Katebe allegedly acknowledged "racism in the organization" and Plaintiff included what she believes to be examples supporting this. (*Id.*)

Plaintiff's proposed substitute response largely mimics her original response, but then points the Court to what she contends are citations to the record "in support of her qualifications/denials … [.]" (Doc. 94, at 5-7.) The citations fall under four categories: 1) that "Plaintiff complained to HR that the [Letter of Expectation] was unfounded/pretextual and tied to discriminatory motives"; 2) that "Plaintiff communicated to Oliver Grigsby comments that were made to her by Ms. Katebe based on race and indicated differential treatment based on race"; 3) that "Ms. Katebe made race related comments at Defendant to and/or about Plaintiff"; and 4) that "Plaintiff communicated with HR Manager Adrea Gracia about failure to timely approve disability accommodation." (*Id.*)

The Court need not address whether Plaintiff's assertions are accurately supported by her citations to the record for the simple reason that this additional information is not responsive to RFA

25 as worded. Plaintiff has not met her burden under Fed. R. Civ. P. 36, to demonstrate that the merits of this action will be facilitated by ordering the withdrawal of this admission. *Team Log., Inc.*, 2005 WL 1140774, at *2 (citation omitted). Removal of the "extraneous qualification" from Plaintiff's proposed admission to this RFP "would not prevent [her] from presenting evidence" at trial regarding this additional, qualifying information.[12] *See Daniels*, 2010 WL 11685401, at *16. As such, the addition of this language does not facilitate the merits of Plaintiff's claims. The Court thus **DENIES** Plaintiff's motion to withdraw/substitute her original response to Request No. 25.

Having denied this portion of Plaintiff's motion, the Court now addresses Defendant's motion to determine the sufficiency of Plaintiff's original response to Request No. 25. (Doc. 92.) Defendant argues that the "extraneous narrative" added by Plaintiff "effectively rephrases" the RFA. (Doc. 92, at 6.) The Court agrees. This qualifying language included by Plaintiff clearly subverts the purpose of this discovery tool, which is "not to discover additional information concerning the subject of the request, but to force the opposing party to formally admit the truth of certain facts, thus allowing the requesting party to avoid potential problems of proof." *Bowers*, 2012 WL 2798801, at *2 (D. Kan. July 9, 2012) (citation omitted). The narrative included by Plaintiff "do[es] not fairly meet the substance of the requested admissions." *Harris*, 190 F. R. D. 677.

Defendant's RFA No. 25, as worded, simply and explicitly asks Plaintiff to admit or deny whether speakers heard **<u>on particular recordings</u>** "make comments indicating a personal discriminatory bias on behalf of the speaker" – and Plaintiff admits this. (Doc. 92-1, at 10.) Plaintiff is either aware of such comments that <u>indicate a personal discriminatory bias on behalf of the speaker on these recordings</u> or she is not – and she has indicated that she is not. The RFA does not ask about other conversations beyond those contained in the referenced recordings. Request No. 25 sets forth

---

12 With this holding, the undersigned Magistrate Judge is not making a determination as to the admissibility of any particular evidence or testimony at trial. Such decisions are reserved for the District Judge.

a statement of fact that is "couched in **unequivocal terms**, which appear to **facilitate unequivocal admissions or denials**." *Doebele*, 2001 WL 1718259, at *3 (emphasis added). Finally, the Court is unconcerned with Plaintiff's conjecture and assumptions as to what Katebe did or did not "understand" or what she may or may not be attempting to "acknowledge" because it does not actually qualify Plaintiff's response to the question asked by Defendant.

Defendant's motion (Doc. 92) is, therefore, **GRANTED** as to Request No. 25. All language in Plaintiff's response after the word "admitted" is stricken as extraneous and nonresponsive by operation of this Order.

## CONCLUSION

IT IS THEREFORE ORDERED that for the reasons set forth herein, Plaintiff's motion (Doc. 94) is **DENIED** while Defendant's motion (Doc. 91) is **GRANTED**. [13]

The Court will address the pending Pretrial Order by way of separate order.

IT IS SO ORDERED.

Dated September 8, 2026, at Wichita, Kansas.

/S/ Brooks G. Severson
Brooks G. Severson
U.S. Magistrate Judge

[13] Defendant's motion seeks an award of fees and costs associated with bringing the motion pursuant to Fed. R. Civ. P. 36(a)(6) and 37(a)(5). The request consists of a single, undeveloped sentence unsupported by argument, briefing, or any showing regarding the circumstances bearing on an award and the Court declines to award fees on that basis. The Court thus declines to award fees and costs herein.